IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

    Plaintiff,

    v.                                                                                   No. 18-CV-00356-JCH-KBM

CITY OF ALBUQUERQUE POLICE
DEPARTMENT, BERNALILLO COUNTY,
ALEXANDER BASSIRI, J. WHARTON,
UNITED STATES ATTORNEY GENERAL,
RICHARD BERRY, FNU LNU,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Ernesto J. Benavidez's Prisoner's Civil Rights Complaint [Doc. 1] and Application To Proceed In District Court Without Prepaying Fees or Costs [Doc. 2]. Plaintiff is incarcerated, appears pro se, and is seeking permission to proceed *in forma pauperis*. For the reasons explained below, Plaintiff's application will be granted, submission of the initial partial payment will be waived, Plaintiff's complaint will be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), and a third strike will be imposed under 28 U.S.C. § 1915(g).

**I.     BACKGROUND**

    On April 13, 2018, Plaintiff filed the present civil rights complaint against the following defendants: (1) City of Albuquerque Police Department; (2) Bernalillo County of the State of New Mexico; (2) Alexander Bassiri, an officer employed by the Albuquerque Police Department; (3) J. Wharton, an officer employed by the Albuquerque Police Department; (4)

unidentified officers employed by the Albuquerque Police Department; (5) the Attorney General of the United States; (6) Richard Berry, mayor of the City of Albuquerque; (7) Chief or Captain of the Albuquerque Police Department; and (8) an unidentified dispatch officer employed by the Albuquerque Police Department. [Doc. 1 a 1-4] Plaintiff's complaint and attached exhibits reveal the following facts. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (noting that, when reviewing the sufficiency of a complaint, the district court may consider: "(1) documents that the complaint incorporates by reference, . . . (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, . . . and (3) matters of which a court may take judicial notice") (internal quotation marks and citations omitted).

On March 12, 2013 Plaintiff was arrested and charged with one count of aggravated stalking in violation of N.M. Stat. Ann. § 30-03A-03.1(A)(1) and three counts of violation of a restraining order prohibiting domestic violence in violation of N.M. Stat. Ann. § 40-13-06. [Doc. 1 at 4, 23, 27; *see State of New Mexico v. Benavidez*, case no. D-202-CR-201301452] On March 27, 2013, Plaintiff was indicted on these charges in the Second Judicial District of the State of New Mexico and bond was set at $15,000. [Doc. 1 at 25] Approximately three years later, on February 9, 2016, the case was dismissed by *nolle prosequi* "for the reason prosecuting the case is no longer in the interests of justice or judicial economy." [Doc. 1 at 24]

On April 13, 2018, Plaintiff filed the present civil rights complaint alleging that his arrest, detention and prosecution in case no. D-202-CR-201301452 violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as various federal and state statutes. [Doc. 1] Plaintiff's complaint seeks injunctive relief and monetary damages in the amount of $2,500,000.00. [Doc. 1 at 15, 21]

## II. DISCUSSION

The Court first will address Plaintiff's motion to proceed *in forma pauperis* and then will proceed to screen the merits of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A. *Plaintiff's Motion To Proceed* In Forma Pauperis *Will Be Granted And The Initial Partial Payment Will Be Waived*

On April 16, 2018, Plaintiff submitted an Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915, indicating that he has no income or assets. [Doc. 2] On May 4, 2018, Plaintiff submitted a signed Financial Certificate and inmate account statement, which reflect $0 deposits in Plaintiff's inmate account for the past six months and a negative balance. [Doc. 3] In light of the financial information submitted by Plaintiff, the Court finds that Plaintiff is unable to prepay the $350 filing fee[1] in this civil rights action and, therefore, Plaintiff's application will be granted.

Because Plaintiff was a prisoner at the time he filed his civil rights complaint, he is "required to pay the full amount of [the] filing fee." § 1915(b)(1). Pursuant to § 1915(b)(1), Plaintiff must make an initial partial payment of "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." § 1915(b)(1). After submission of the initial partial payment, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited" to his inmate account until the filing fee is paid in full. § 1915(b)(2).

In light of the financial information submitted by Plaintiff, the Court will waive submission of the initial partial payment. *See* § 1915(b)(4) ("In no event shall a prisoner be

---

[1] *See* 28 U.S.C. § 1914 (a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal, or otherwise, to pay a filing fee of $350 . . . .").

prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Plaintiff is reminded that, regardless of the outcome of this proceeding, he remains obligated to pay the full amount of the filing fee.

B.     *Plaintiff's Civil Rights Complaint Will Be Dismissed As Frivolous*

The Court has the discretion to dismiss an *in forma pauperis* prisoner complaint *sua sponte* under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However,

"[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Plaintiff's complaint raises constitutional and statutory claims arising out of his March 12, 2013 arrest, detention and prosecution in case no. D-202-CR-201301452. The Court will take judicial notice of its own records, which reveal that this is not the first civil rights action Plaintiff has filed regarding his March 12, 2013 arrest, detention and prosecution. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). On April 19, 2017, Plaintiff filed a civil rights complaint against the State of New Mexico and District Attorney Brianne Bigej for the alleged unconstitutional arrest, detention and prosecution in case no. D-202-CR-201301452. *See Benavidez v. State of New Mexico, et al.*, 17-CV-00471-LH-KBM, Doc. 1 (D.N.M. April 19, 2017). Senior United States District Court Judge C. LeRoy Hansen dismissed Plaintiff's complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff's claims were barred by Defendant Bigej's absolute prosecutorial immunity from suit. *See id.* at Doc. 10. In light of the dismissal, the Court imposed a strike pursuant to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and informed Plaintiff that "if he accrues three strikes, he may not proceed *in forma pauperis* in federal courts unless he is under imminent danger of serious physical injury." *Id.* (citing 28 U.S.C. § 1915(g)).

On July 21, 2017, Plaintiff filed a second civil rights complaint challenging his arrest, detention and prosecution in case no. D-202-CR-201301452, this time against the State of New

Mexico District Attorney's Office, Albuquerque Police Department, Dana Beisman, Brianne Bigej, Edna Sprause, Karri Brandenburg, Raul Torrez, State of New Mexico Attorney General, Mayor Richard Berry, Chief of the Albuquerque Police Department, Alexander Bassiri, J. Wharton, and unidentified Albuquerque Police Officers. *See Benavidez v. State of New Mexico District Attorney's Office, et al.*, 17-CV-00759-WJ-LF, Doc. 1 (D.N.M. July 21, 2017). United States District Judge William P. Johnson dismissed Plaintiff's complaint because: (1) his claims against the prosecutors (Dana Beisman, Brianne Bigej, Edna Sprause, Karri Brandenburg, and Raul Torrez) were barred by absolute prosecutorial immunity; (2) Plaintiff's complaint failed to state a claim for malicious prosecution, since the *nolle prosequi* was not indicative of Plaintiff's innocence of the underlying criminal charges; and (3) Plaintiff's complaint failed to state a claim for false arrest because Plaintiff's arrest was supported by probable cause. *Id.* at Doc. 20. Judge Johnson determined that amendment of Plaintiff's complaint would be futile, since Plaintiff's claims are "all based on the non-viable theory that he should not have been arrested or prosecuted for aggravated stalking." *Id.* at 8. In light of the dismissal of Plaintiff's complaint, a second strike was imposed pursuant to the PLRA, 28 U.S.C. § 1915(g), and Plaintiff was informed that "[i]f he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury." *Id.* at 9 (citing 28 U.S.C. § 1915(g)).

This is Plaintiff's third civil rights action challenging his arrest, detention and prosecution in case no. D-202-CR-201301452. Plaintiff's complaint names many of the same defendants and raises many of the same claims regarding his allegedly unconstitutional arrest, detention, and prosecution. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir.

1997) (internal quotation marks and citation omitted). Because the present civil rights complaint virtually is identical to the complaint filed in *Benavidez v. State of New Mexico District Attorney's Office, et al.*, 17-CV-00759-WJ-LF, Doc. 1 (D.N.M. July 21, 2017), it will be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

Alternatively, Plaintiff's claims are barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised." *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980). *Sua sponte* dismissal "is fully consistent with the policies underlying res judicata" because it avoids "unnecessary judicial waste." *Id.*; *see also Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process" and places an "unnecessary burden" upon the courts) (internal quotation marks and citation omitted).

Res judicata, also known as claim preclusion, "requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (footnote omitted). The United States Court of Appeals for the Tenth Circuit "has adopted the transactional approach of the Restatement (Second) of Judgments in determining what constitutes identity of the causes of action." *Id.* at 1227. "The transactional approach provides that a claim arising out of the same 'transaction, or series of connected transactions' as a previous suit, which concluded in a valid and final judgment, will be precluded." *Id.*

Plaintiff's claims in the present case, like Plaintiff's claims in his prior two civil rights cases (17-CV-00471-LH-KBM and 17-CV-00759-WJ-LF), arise out his arrest, detention and prosecution in case no. D-202-CR-201301452. Because Plaintiff's claims arise out of the same transaction or series of connected transactions, the Court concludes that there is an identity of the causes of action in all three cases. Furthermore, the prior two civil rights cases ended in a judgment on the merits and the identity of the parties are the same. *Compare* 17-CV-00759-WJ-LF, Doc. 1, *with* 18-CV-00356-JCH-KBM, Doc. 1. Therefore, Plaintiff's claims are barred by the doctrine of res judicata or claim preclusion and it would be futile to afford Plaintiff an opportunity to file an amended complaint.

The dismissal of Plaintiff's complaint as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) constitutes a strike under the PLRA, 28 U.S.C. § 1915(g). *See Hafed v. Burea of Prisons*, 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that that the dismissal of "an action or appeal . . . as frivolous, as malicious, or for failure to state a claim" under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b) "counts as a strike"). This is Plaintiff's third strike, *see* 17-CV-00471-LH-KBM, Doc. 10 (imposing the first strike); 17-CV-00759-WJ-LF (imposing the second strike), and, therefore, he may not proceed *in forma pauperis* in the federal courts "while incarcerated or detained in any facility" unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application To Proceed In District Court Without Prepaying Fees or Costs [Doc. 2] is GRANTED, submission of the initial partial payment is WAIVED; Plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the payment should be

excused; and the Clerk of Court is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's Prisoner's Civil Rights Complaint [Doc. 1] is DISMISSED as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); a third strike is IMPOSED under 28 U.S.C. § 1915(g); and Plaintiff may not proceed *in forma pauperis* in the federal courts while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

_____
UNITED STATES DISTRICT JUDGE